IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| VINCENT KEITH YATES | § | |
| | § | CIVIL ACTION NO. 6:12-CV-843 |
| v. | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Commissioner be affirmed and the complaint be dismissed. Plaintiff has filed written objections.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. In his first objection, Plaintiff states that the "Administrative Law Judge (ALJ) did not fully comply with the previous Remand Order of this Court. The Plaintiff would request that this Federal Court fully review the Plaintiff's last brief which clearly states the errors of the second Administrative Unfavorable Decision." *See* Plaintiff's Objection to Report and Recommendation of Magistrate, p. 1. Plaintiff did not raise this issue in the Plaintiff's Brief, but instead first argued in the objections to the Magistrate Judge's Report and Recommendation. Therefore, these issues were not properly raised before this Court and will not be considered. *See Rodriguez v. Apfel*, 139 F.3d 898, 1998 WL 127813, at *4 (5th Cir. 1998) ("The general rule is that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court, and therefore cannot

be raised on appeal."); *Cupit v. Whitley,* 28 F.3d 532, 535 n.5 (5th Cir. 1994) (in enacting the federal Magistrate Judge Act, 28 U.S.C. § 631, *et seq.*, "Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for de novo review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge - 'absent compelling reasons'"), *cert. denied,* 513 U.S. 1163 (1995); *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir. 1992); *Harrison v. Smith,* 83 Fed. Appx. 630, 631 (5th Cir. 2003) (per curiam) ("[t]he district court did not err in refusing to allow [plaintiff] to use his objections to the magistrate judge's report and recommendation to further amend his amended complaint.").

Plaintiff's second objection states that the Magistrate Judge's Report and Recommendations "relies upon 'hearsay' from the claimant's former girlfriend, which does not comply with the Administrative Procedure Act which requires substantial evidence." *See* Plaintiff's Objection to Report and Recommendation of Magistrate", p.1. Plaintiff does not refer to a particular page in the Magistrate Judge's Report where reference is made to testimony or evidence from claimant's former girlfriend. In fact, the Magistrate Judge's Report contains no such reliance on testimony or evidence from the Plaintiff's former girlfriend. This objection is without merit and will be overruled.

Plaintiff's third objection states that "the Report and Recommendation glosses over the allegation of bias and is not a thorough review of the probative evidence of record". *See* Plaintiff's Objection to Report and Recommendation of Magistrate, p. 1. The Magistrate Judge's Report fully considered the issue of alleged bias on the part of the ALJ. Applying the test found in *Liteky v. United States*, 510 U.S. 540, 555 (1994), ("Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge" unless "they reveal such a high degree of favoritism or

antagonism as to make fair judgment impossible"), the Magistrate Judge's Report correctly found that none of the behavior by the ALJ identified by the Plaintiff meets the "high degree of favoritism or antagonism" standard that the Supreme Court found could support a claim of judicial bias.

Plaintiff's final objection states that the "plaintiff is totally disabled". As the Magistrate Judge delineated in her Report, there is substantial evidence in the record supporting the Commissioner's finding that the Plaintiff is not disabled.

Therefore, Plaintiff's objections are without merit and will be overruled. There is substantial evidence in the record supporting the Commissioner's decision. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

SIGNED this 25th day of September, 2014.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE